UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IVA G. HALL, Widow of Shirley M.
Hall,
Petitioner,

v.

No. 95-2885

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
CONSOLIDATION COAL COMPANY,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(95-377-BLA)

Submitted: August 15, 1996

Decided: August 23, 1996

Before MURNAGHAN and ERVIN, Circuit Judges, and
BUTZNER,* Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

*Senior Judge Butzner did not participate in consideration of this case.
The opinion is filed by a quorum of the panel pursuant to 28 U.S.C.
§ 46(d) (1988).

**COUNSEL**

S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West Virginia, for Petitioner. Ann B. Rembrandt, JACKSON & KELLY, Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Iva Hall, the widow of Shirley Hall, a former coal miner, appeals from a decision of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) decision to deny black lung benefits on the miner's claim and her survivor's claim. The ALJ denied benefits based on her determination that pneumoconiosis did not contribute to either the death or the disability of the miner. Hall's sole contention on appeal relating to the survivor's claim is that, in denying that claim, the ALJ failed to discuss the "hasten death" standard announced in our decision in <u>Shuff v. Cedar Coal Co.</u>, 967 F.2d 977 (4th Cir. 1992). We find, however, that even under that standard the denial of benefits in this case must be affirmed as a matter of law because the record is devoid of any affirmative evidence linking pneumoconiosis to the miner's death. Rather, seven pathologists, the autopsy prosector, and the attending physician who signed the miner's death certificate all agreed that the miner died from a myocardial infarction attributable to severe coronary artery disease.

Similarly, with regard to the miner's claim, we find that Hall's contentions that the ALJ erroneously credited four medical reports provided by the employer's physicians are moot because Hall raises no challenge to the ALJ's decision to reject the report of Dr. Rasmussen, the only physician of record finding a link between pneumoconiosis and the miner's respiratory insufficiency. Absent this report, the

2

record contains no evidence which could support Hall's burden to prove that pneumoconiosis contributed to the miner's total disability. See Robinson v. Pickands Mather & Co., 914 F.2d 35, 36 (4th Cir. 1990). We also note that the ALJ properly rejected Dr. Rasmussen's report on the grounds that it failed to discuss the impact of the miner's heart problems on his respiratory impairment, and was based on less extensive data than the remaining, conflicting reports of record.

Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3